Archibald C. Wemple, J.
In this case, it appears that the defendant was arrested in the cellar of the home of one Ferdinand Di Manno, at 1869 Rennselaer Avenue, in the Town of Rotterdam, County of Schenectady and State of New York. It appears that the place had been under surveillance by the police for some time and that, on July 5,1958, after intercepting certain telephone calls, the police of the Town of Rotterdam broke into the premises and found the defendant in the cellar, surrounded by certain paraphernalia characterized as usable in gambling *869 operations, including radio, telephone, paper, pail, etc. The conversations which were intercepted, and which were later related on the trial by the officer, can only be interpreted as the placing of bets. The defendant’s alleged participation in such conversations consisted only of the word “yeah” and similar indications of affirmance or acceptance, but the transactions can only be interpreted as gambling operations of more than a casual nature.
It is noteworthy that after the police took possession of the premises and answered incoming telephone calls, the defendant called out to the caller “ don’t answer,” or words to that effect. Could this reaction be that of an innocent casual placer of bets ?
The testimony also points up, on page 44, and again on page 109, that the defendant admitted “ bookmaking,” but denied policy guilt.
Counsel for the defendant has filed herein a very comprehensive and incisive brief of the law related to the issues brought up on this appeal. The defendant’s counsel has raised some interesting points of law as to sufficiency of informations, validity of the interception order and constitutionality of section 813-a of the Code of Criminal Procedure. This court, on appeal, is going to reject all these contentions as inapplicable or invalid herein. On the qualifications of Officer Fabin, this court feels that the trial court could and did pass upon the sufficiency thereof. Likewise, this court relies upon the good judgment of the jury in evaluating the weight of evidence. This court finds that there were no serious errors in the admission of evidence and although some of the remarks of the District Attorney in his summation were not based strictly upon the evidence, still they were not prejudicial to this defendant in his trial.
The interception order signed by Surrogate Hahn, as Acting County Judge, was valid herein, but in any event the evidence derived from the intercepted calls is admissible. This is the rule of law in New York State and applies herein to the evidence of bets relayed to the defendant and allegedly taken by him.
In this appeal, there is also brought up for review the question concerning the publication of certain news items in the local newspapers, which alluded to a public warning to gamblers to get out of the Town of Eotterdam or face jail sentences.
It is unfortunate that such articles appeared in the public press, and were published while the trial herein was in progress. Such articles referred to stern police action and “ cooperation of the justices of the peace.” There is no definite indication that such articles prejudiced the minds of the jury engaged in the trial of the defendant. At least there was no specific refer *870 ence in said news items to this defendant or to this trial or to the incident in question.
Any criminal trial should be kept free of any prejudicial influences and to this end there are laws prohibiting tampering with the jury.
The public opinion engendered by the news items, if such was the case, was not sufficient to create an atmosphere of prejudice. Unless it can be shown that the releases affected the fairness and impartiality of the trial, the defendant cannot complain.
The evidence presented on this trial convinces this court, upon review, that this defendant was guilty of the crime charged; that he was engaged in the business of book-making — that is, violation of section 986 of the Penal Law. This court will not disturb the findings of fact made by the jury. The evidence was sufficient to prove the defendant guilty as charged beyond a reasonable doubt. The errors, if any, committed during the trial, were inconsequential in their effect upon the end result.
The sentence imposed was not excessive, nor did it constitute cruel and unusual punishment.
The judgment of conviction is affirmed. Submit order accordingly.